220 N.J. Super. 284 (1987)
531 A.2d 1095
BELTON NICKERSON AND LEWIS BATTS, PLAINTIFFS,
v.
CITY OF NEWARK, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided June 15, 1987.
*285 Katherine V. Dresdner for plaintiffs (Freeman and Bass, attorneys).
John E. Vitale, Assistant Corporation Counsel for defendant (Glenn A. Grant, Corporation Counsel, attorney)
VILLANUEVA, J.S.C.
While crossing a street the two plaintiffs were injured when hydraulic hoses on a city sanitation truck burst, causing their eyes and faces to be sprayed with liquid. They brought this action for medical expenses, permanent disability and pain and suffering. The jury awarded them their medical expenses only.
Plaintiffs' attorneys now seek the reasonable value of their attorneys fees and expert witness fees of $400 for the plaintiffs, pursuant to the discretionary authority given to the court under N.J.S.A. 59:9-5.[1]
The issues are whether this statute is for the benefit of the client or the attorney and whether the limitation of $100.00 for expert witness fees is for each expert witness or for all plaintiff's expert witnesses.
*286 The court concludes that the underlying policy of this statute is to reimburse the client for his economic loss and not to give a windfall to any attorney retained under a contingent fee basis and therefore denies the request for attorney fees.
However, since the plaintiffs remain responsible for the payment of expert witness fees, fairness and justice dictate that they should be reimbursed the maximum authorized by the statute, which is a total of $100.00 for each plaintiff for his expert witness fees.
Although plaintiffs contended that they were injured by the spray from hydraulic hoses which burst on a Newark sanitation truck, the city generally denied the allegations but offered no evidence to dispute them.
An ophthalmologist, Dr. Herbert L. Glatt testified that both plaintiffs had "some permanency" of injury to their eyes, tearing or burning. Dr. Marc Roberts, a general practitioner testified that assuming that Mr. Nickerson continues to have pain in his neck arising out of the accident, the complaints are consistent with a permanent injury. Dr. Frank Riccioli, a psychiatrist, testified that as long as Mr. Batts has trouble with his eyes, he will be anxious and depressed.
The doctors who examined the plaintiffs on behalf of the city denied the plaintiffs' injuries were permanent.
Plaintiff Nickerson had $1,043 in medical bills. Plaintiff Batts had $1,230 in medical bills. The jury awarded both of them the full amount of their bills.
In answer to specific interrogatories propounded to the jury they found that neither plaintiff suffered the permanent loss of a bodily function and they could not recover any damages for pain and suffering. N.J.S.A. 59:9-2(d).[2]
*287 Plaintiffs both signed a standard retainer agreement pursuant to R. 1:2-7 with their attorneys, Freeman & Bass on April 2, 1984. Part of the agreement provided:
Although I have been advised of my right to retain the firm of Freeman & Bass, Attorneys, under an arrangement whereby I would compensate said attorneys on the basis of the reasonable value of their services, I and the firm of Freeman & Bass agree that said attorneys shall be paid a fee, contingent in whole or in part, to be computed as follows:
* * * * * * * *
In the event there is no recovery, except as may be otherwise specified above, I shall not be obligated to pay Freeman & Bass for all disbursements made by them in connection with the institution and prosecution of the claim.
The contingent fee shall be computed on the net recovery arrived at by deducting from the gross recovery all disbursements in connection with the institution and prosecution of the claim, including investigation expenses, expenses for expert or other testimony or evidence ... * * *
Plaintiffs' attorneys made this post-judgment motion for $7,675, the alleged reasonable value of their services, together with $400, based upon $100 on account of the fee for each expert witness.
At the hearing, the attorney stated that whether or not this motion is granted, the plaintiffs themselves will receive nothing. If the motion is granted, the attorneys fees will go to Freeman & Bass as fees and any amount granted as expert witness fees will go to pay the doctors who testified in court. However, if the motion is denied, all monies would go to pay the doctors and hospital and no money would go to the plaintiffs or to the attorneys.
Pursuant to the retainer agreements, the plaintiffs still remain liable for expert witness fees.
Plaintiffs' attorneys bring this motion for attorneys fees predicated upon the reasonable value of their services, notwithstanding that they agreed to be paid solely on a contingent *288 basis. Regardless of the success or lack of success of this motion the plaintiffs do not stand to gain anything. The attorneys would not be entitled to recover attorneys fees from the plaintiffs in the absence of an agreement, rule of court or statute permitting it. They rely on the discretionary authority vested in the court under N.J.S.A. 59:9-5 to recover the attorneys fees from the defendant.
The purpose of this statute is to insure that a claimant is compensated for virtually all of his economic loss. Comment to N.J.S.A. 59:9-5, Report of Attorney General's Task Force Report on Sovereign Immunity, 238 (1972) states:
With the exception of aggravated circumstances where pain and suffering is allowed, the underlying policy as to damages in this act is to reimburse an injured claimant to the full extent of his present and projected economic loss. Consistent with this thesis, discretion is vested in the trial judge to compensate a successful claimant against either a public entity or a public employee for the reasonable amount of his attorney's fees and for $100 worth of his expert witness fees. This is done in order to insure that a claimant is compensated for virtually all of his economic loss.
Therefore, to award an attorneys fee to the plaintiffs' attorneys would in no way compensate the plaintiffs for their economic loss but would be a windfall to plaintiffs' attorneys.
Although the legislative declaration states that the purpose of the Tort Claims Act is the amelioration of the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity, it must be emphasized that the approach of the Act is to broadly limit public entity liability. Kolitch v. Lindedahl, 100 N.J. 485 (1985).
Since plaintiffs called four doctors collectively as expert witnesses, they are seeking $100 for each witness. However, the statute gives the court the discretion of awarding only "expert witness fees not exceeding a total of $100." N.J.S.A. 59:9-5(b).
A fair reading of this statute limits the amount a judge may award to $100 for each plaintiff regardless of the number of expert witnesses that he may have had. Cf. Rich v. State, 171 *289 N.J. Super. 91 (Law Div. 1979), which held that "case", as used in this statute, refers to the whole lawsuit and not to each separate cause of action (wrongful death which also included a survivorship action for pain and suffering).
Since the plaintiffs remain liable for the expert witness fees, the court will award each of them $100[3] to compensate them to the fullest extent authorized by the statute for their economic loss.
Motion for attorneys fees is denied, and motion for expert witness fees is granted in part.
NOTES
[1] In any action brought against a public entity or a public employee under this act, the court may, in its discretion, award a successful claimant (a) costs ordinarily allowable in the private sector (b) expert witness fees not exceeding a total of $100 and (c) reasonable attorney's fees; provided however that there shall be no such recovery in any case where damages are awarded for pain and suffering.
[2] No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $1,000.00 ...
[3] $100 for Mr. Nickerson should be divided equally between Dr. Herbert L. Glatt and Dr. Marc Roberts, and $100 for Mr. Batts should be divided equally among Dr. Herbert L. Glatt, Dr. Marc Roberts, Dr. Harold Lippman and Dr. Frank Riccioli.