287 N.J. Super. 42 (1996)
670 A.2d 120
KERRY A. FUREY, GENERAL ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF EUGENE T. FUREY, DECEASED, PLAINTIFF-APPELLANT,
v.
COUNTY OF OCEAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 18, 1996.
Decided January 31, 1996.
*43 Before Judges SHEBELL, STERN and WALLACE.
Stephen J. DeFeo argued the cause for appellant (Brown & Connery, attorneys; Mr. DeFeo, on the brief).
Peter J. Van Dyke argued the cause for respondent (Kelaher, Garvey, Ballou & Van Dyke, attorneys; Mr. Van Dyke, on the brief).
The opinion of the court was delivered by SHEBELL, P.J.A.D.
In our reported decision of Furey v. County of Ocean, 273 N.J. Super. 300, 641 A.2d 1091 (1994), certif. denied, 138 N.J. 272, 649 A.2d 1291 (1994), we decided several issues pertaining to this same litigation, including those pertaining to liability and the application of the collateral source rule. In addition, we held that pursuant to Sikes v. Township of Rockaway, 269 N.J. Super. 463, 467, 635 A.2d 1004 (App.Div. 1994), the deduction from the jury verdict of the payments plaintiff received from collateral sources, including Worker's Compensation, must be calculated before the verdict is adjusted to reflect the decedent's contributory negligence. Having so concluded, we commented that "[t]his ruling makes the counsel fee issue moot as there will now be funds available from which a contingent fee may be paid." Furey, supra, 273 N.J. Super. at 319, 641 A.2d 1091.
Following our remand of May 20, 1994, a distribution hearing was held in the Law Division. Plaintiff at that time also moved for an award of counsel fees against the County, pursuant to N.J.S.A. 59:9-5. This application was denied. It is only from the denial of counsel fees that plaintiff now appeals.
*44 Plaintiff's brief on appeal suggests that we did not by commenting on the purported mootness of the fee issue thereby indicate that plaintiff was precluded from seeking an award of fees on remand or that an award would be inappropriate. Plaintiff states that we "simply followed the time-honored rule that an appellate court will not rule on an issues which is unnecessary to the disposition of the appeal."
In any event, our comment was clearly inappropriate if it conveyed the thought that because there were funds available from which a contingent fee might be paid, the issue of fees should not be considered by the trial judge. The plain language of N.J.S.A. 59:9-5, authorizing the award of attorney's fees, negates such a conclusion. N.J.S.A. 59:9-5, entitled "Discretion to award attorney's fees; limitation," provides:
In any action brought against a public entity or a public employee under this act, the court may, in its discretion, award a successful claimant (a) costs ordinarily allowable in the private sector (b) expert witness fees not exceeding a total of $100.00 and (c) reasonable attorney's fees; provided however that there shall be no such recovery in any case where damages are awarded for pain and suffering.[1]
The comment to this provision states:
With the exception of aggravated circumstances where pain and suffering is allowed, the underlying policy as to damages in this act is to reimburse an injured claimant to the full extent of his present and projected economic loss. Consistent with this thesis, discretion is vested in the trial judge to compensate a successful claimant against either a public entity or a public employee for the reasonable amount of his attorney's fees and for $100 worth of his expert witness fees. This is done in order to insure that a claimant is compensated for virtually all of his economic loss.
[Report of the Attorney General's Task Force on Sovereign Immunity (May 1972); reprinted at N.J.S.A. 59:9-5 (Historical Notes).]
The March 20, 1995 order denying "plaintiff's motion for an award of costs, expert fees, witness fees, reasonable attorney's fees, pursuant to N.J.S.A. 59:9-5" appears to have been based on the following observation of the trial judge.

*45 Every attorney makes a decision when he takes a client. He makes a decision as to the validity of the case. He makes a decision as to how much effort he thinks he or she has to put in to the case. And, most importantly he makes a business judgment. And, he makes that business judgment when he says, I will take a retainer or a contingency fee agreement in order to be compensated for the work being done.
In this particular case, he may  some  he may say to the client, there may  there is a method by which I could get paid and I will rely upon the Court's discretion to do that, in which case he would have had foregone the contingency fee arrangement. Or, he may as in your case, Mr. Defeo, make a decision that despite what the statute says, we don't want to take that risk. We don't want to take the risk of a Judge not giving us money, so we will do a contingency. And, I think once you undertake that agreement then that will affect how the Court should treat whether or not legal fees should be added on. And, after considering all of it, I decline to grant legal fees in connection with the matter, for two particular reasons.
I re-read the Appellate Division case of Furey v. County of Ocean. I'll give you the cite, I think we all know it, it's 273 N.J. Super. at 300. And, in that particular case the Appellate Division in and  in and of itself acknowledged that, because of the way the credits are granted that there is a fund by which your firm will be compensated. It may not be compensated to the full extent of the hours that were performed in the  in the case, but you will be compensated pursuant to your best judgment, business judgment that you made. Also, I will also cite again to Counsel, the case of Nickerson v. City of Newark, it's at 220 N.J. Super. 284 [531 A.2d 1095]. It's a Law Division Case of 1987 vintage.
Nickerson v. City of Newark, 220 N.J. Super. 284, 531 A.2d 1095 (Law Div. 1987) is distinguishable. Here, unlike in Nickerson, the loss is clearly economic and the beneficiary of the award of fees will not be the attorney. Rather, the decedent's widow and daughter will more fully recover their economic loss caused by the death, as the award will relieve them of all or part of the contingent fee they are subject to on the recovery of their loss.
In another context, that of the Law Against Discrimination (LAD), we held that not only will the existence of a contingent fee agreement not prevent the award of a reasonable attorney's fee pursuant to N.J.S.A. 10:5-27.1, but that the contingent fee agreement does not control the fee award which the court may in its discretion grant. Szczepanski v. Newcomb Hosp. Med. Ctr., Inc., 276 N.J. Super. 11, 16-19, 647 A.2d 162, aff'd., 141 N.J. 346, 661 A.2d 1232 (1994). Also in the context of the LAD, we held in Rendine v. Pantzer, 276 N.J. Super. 398, 458-59, 648 A.2d 223 (1994), mod. 141 N.J. 292, 661 A.2d 1202 (1995) that a fee *46 enhancement based on contingency (chance of recovery) considerations is permissible.
By citing these decisions involving statutory awards of attorney's fees in the context of the LAD, we do not mean to infer that the policy considerations with respect to the award of fees against public entities or public employees are the same. We cite these cases merely to point out that the existence of a contingency fee retainer should not prevent the exercise of statutory discretion by the judge in assessing a reasonable award of fees pursuant to N.J.S.A. 59:9-5.
On remand, we consider it vital that the judge have in view "the underlying policy as to damages" of the Tort Claims Act, recognizing that it is to fully reimburse the economic loss of the claimant. Report of Attorney General, supra. The judge must also show an appreciation of the fact that when dealing with a governmental entity, whether insured or not, the cost is ultimately borne by the public. Thus, the judge has the task in exercising discretion of fulfilling the statutory purpose in awarding reasonable attorney's fees which are sufficient to compensate the attorney for the work performed, while seeking neither to encourage nor discourage attorneys from undertaking meritorious causes of action against the governmental entity or its employees. We are satisfied that the Legislature, in this regard, intended that the fees awarded serve the public interest as it pertains to those individuals who require redress in the context of a recognition that limited public funds are available for such purposes.
We reverse and remand for full and fair consideration of plaintiff's application for attorney's fees pursuant to N.J.S.A. 59:9-5.
NOTES
[1] There was no award for pain and suffering in the present case as it appeared that decedent died instantly.